IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHRISTINE STONE, DAVID KEVIN SHANYFELT, JEANETTE P. BOWEN, MARK W. LESMAN, RICHARD STANLEY, PHILLIP ANDREWS, and JOHN DOE, | : : : : : : : : : : : : : : : | CIVIL ACTION NO. 1:13-CV-2685-RWS |
| Plaintiffs, | | |
| v. | | |
| POPULAR INC., et al., | | |
| Defendants. | | |

## ORDER

On August 14, 2013, Magistrate Judge Gerrilyn G. Brill entered an Order [13] permitting Plaintiffs to proceed in forma pauperis in this action. The case was then referred to the undersigned for a frivolity determination.

## Background

Plaintiffs' Complaint was filed in this action on July 30, 2013 [8]. The Complaint alleges multiple causes of action against numerous banks, individuals, and entities involved in transactions related to mortgage loans under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18

U.S.C. § 1961 *et seq.*, 42 U.S.C. § 1983, other federal laws, and state law. This case was transferred from the United States District Court for the Southern District of New York, where it was originally filed, to this Court on August 9, 2013 [11].

## Analysis

Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carrol v. Gross, 984 F.2d 393, 393 (11th Cir. 1993).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct.

2

1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Because Plaintiffs are proceeding pro se, their "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010).

Given the current state of the pleadings in this case, it is impossible for the Court to conduct a frivolity review at this time. The Court notes three major deficiencies with Plaintiffs' Complaint. First, the Court is unable to exactly determine the causes of action that Plaintiffs intend to assert and against whom those claims are asserted. Plaintiffs' Complaint is at times rambling and incoherent. Plaintiffs do not provide specific factual allegations that support each claim, and Plaintiffs set forth a long list of Defendants but do nothing to tie specific Defendants to specific asserted claims. As such, Plaintiffs have failed to comply with federal pleading standards.

Second, Plaintiffs do not provide any reason why their claims should be joined into a single action. Under Federal Rule of Civil Procedure 20, a party

3

seeking joinder must establish two conditions: (1) a right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences, and (2) some question of law or fact common to all persons seeking to be joined. When evaluating the propriety of a specific instance of joinder, the court "is guided by the underlying purpose of joinder, which is to 'promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits.'" Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002) (quoting Alexander v. Fulton County, Georgia, 207 F.3d 1303, 1323 (11th Cir. 2000)). As currently drafted, the Complaint fails to satisfy either condition of Rule 20.

Third, the Court notes that a Plaintiff has moved to appear as a John Doe [9]. The Court has reviewed Plaintiff John Doe's request, which states that he wishes to appear as John Doe "because of retaliation slander, defamation of character the exposing of threats to public safety due to fraudulent practices of the defendants" [9]. The Court finds that these conclusory statements are insufficient to allow this Plaintiff to proceed as a John Doe.

4

## Conclusion

As such, Plaintiffs are **ORDERED** to file an Amended Complaint that incorporates all the causes of action against all the Defendants that Plaintiffs wish to pursue at this time within thirty days of the date of this order.  The Court will then review the Amended Complaint for frivolity and determine at that time which claims shall proceed.  Plaintiff currently listed as John Doe is **DISMISSED** from this action; if he wishes to assert claims in this case, he may provide his legal name in the Amended Complaint.  Plaintiffs are **ORDERED** to comply with federal pleading standards in their Amended Complaint.  Failure to do so will result in dismissal of this action pursuant to Local Rule 15.6 for failure to obey a court order.

The clerk is **DIRECTED** to mail a copy of this order to Plaintiff Christine Stone at the address listed on the docket.

**SO ORDERED**, this __22nd__ day of August, 2013.

_____
**RICHARD W. STORY**
United States District Judge